# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1529V
UNPUBLISHED

| | |
|---|---|
| LISA JARVIS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2023<br><br>Motion for decision; Dismissal; pneumococcal polysaccharide vaccine; shoulder injury related to vaccine administration (SIRVA) |

*Christopher E. Hultquist*, Law Office of Christopher E. Hultquist, Esq., Providence, RI, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On October 17, 2022, Lisa Jarvis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act").[2] Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) due to a Pneumovax 23 (pneumococcal polysaccharide) vaccination she received on September 24, 2021. ECF No. 1 at 1; exhibit 2 at 1 (vaccination record).

On January 31, 2023, Petitioner filed a motion for a decision dismissing the petition. ECF No. 7. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

Petitioner the vaccination record and other medical records with the petition. The vaccination record confirmed that Petitioner had received a pneumococcal polysaccharide vaccination. Exhibit 2 at 1. Because pneumococcal polysaccharide vaccines are not compensable in the Vaccine Program, an order to show cause issued on December 2, 2022, for why the case should not be dismissed. ECF No. 6.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 31, 2023, Petitioner filed a motion for a decision dismissing the petition stating that:

> An investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. In particular, Petitioner's claimed shoulder injury resulted from the Pneumovax 23 (pneumococcal polysaccharide) vaccination she received on September 24, 2021. Since Pneumococcal polysaccharide vaccines are not included on the Vaccine Table, an action cannot be pursued in the Vaccine Program.

ECF No. 7 at 1.

In order to receive compensation under the Vaccine Act, petitioners must show that they received a vaccine set forth in the Vaccine Injury Table (the "Table"). *See* § 11(c)(1)(A); 42 C.F.R. § 100.3. Pneumococcal polysaccharide vaccines are not included on the Table.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]. The polysaccharide vaccine is distributed under the brand name Pneumovax." *Bundy v. Sec'y of Health & Human Services*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id.; see Morrison v. Sec'y of Health & Human Services,* No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table). Because Petitioner received a pneumococcal polysaccharide vaccine, this claim is not covered by the Vaccine Program and she cannot receive compensation based on this vaccine.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof that she received a vaccine set forth in the Vaccine Injury Table. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

                                                        **s/Brian H. Corcoran**
                                                        Brian H. Corcoran
                                                        Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."